McKiNNEY, J.,
delivered the opinion of tbe court.
The bill, among other things, asks the Chancellor to construe a certain bequest contained in the will of "William Smith, deceased, and to declare who are entitled to take under the same.
The part of the will necessary to be noticed for the purpose of presenting the. point to be decided, is as follows:
“The property that I die possessed with, my desire is for it to be sold, and the money to be equally divided among such of my children as I shall name, viz: Fanny Espridge, an equal part; Jane Day’s children an equal part, to be left in the care of ¥m. S. Smith, to let them have when they come of age, or marry ; John P. Smith I give an equal part; Joanna Houston’s children an equal part, to he left in the hands of Wm. S. Smith; Eliza L. Parks an equal part,” &c.
The testator died in 1829. At his death. Joanna Houston had three children living, and five were born afterwards. On behalf of the afterborn children it is insisted that the words contained in the preceding bequest to Jane Day’s children — viz: “to let them have when they come of age, or marry,” ought to be supplied in the bequest to Joanna Houston’s children; and the same construction and legal effect be given to the latfer as to the former bequest, so that all the children of Joanna Houston, born before the distribution of the fund, may be let in to share equally in the bequest. The Chancellor so decreed. Hpon authoiity this decree cannot be supported. It is admitted that words may *396 be supplied in a will in order to effectuate the obvious intention as collected from tbe context. It is also conceded that the construction of the will is to be made upon the entire instrument and not upon disjointed parts of it; and consequently all its parts are to be construed with reference to each other.
But the authorities lay it down, that, in the application of the principle as to supplying words where there is no connexion by grammatical construction, or direct words of reference, or by the declaration of some common purpose between distinct bequests in a will, this principle will not justify the drawing in aid the special terms of one bequest to the construction of another, although in its general terms and import, similar and applicable to persons standing in the same degree of relationship to the testator; and although .there is no apparent reason, other than the different wording of the clauses, to presume that the testator had a different purpose in view. 2 "Williams on Ex’rs, 929.
Words cannot be supplied upon mere conjecture in order to equalize estates created by several and independent devises or bequests in favor of persons with respect to whom the testator has expressed no uniformity of purpose, though it may be reasonably conjectured that he had the same intention as to all. 1 Jarman on Wills, 432, margin. In such case, in the language of Lord Ellenborough, the more natural Son-elusion is, that as his expressions are varied they were altered because his intention in both cases was not the same. Id. 435.
This doctrine needs only to be stated in the explicit language of the authorities above referred to, to show *397 that it is decisive against the construction of the bequest declared by the Chancellor.
The decree will be reversed.